**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| 66 EAST ALLENDALE, L.L.C., a limited liability company of the State of New Jersey, et al., | |
| Plaintiffs, | Civil Action No. 07-446 (JAG) |
| v. | **OPINION** |
| BOROUGH OF SADDLE RIVER, et al., | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions to dismiss,[1] pursuant to FED. R. CIV. P. 12(b)(6), filed by the Defendants: the Borough of Saddle River (the "Borough"), the Council of the Borough of Saddle River (the "Council"), Maurice R. Burke ("Burke"), Carole E. Fitzpatrick ("Fitzpatrick"), John E. Murray ("Murray"), Robert Re ("Re"), and Samuel Raia ("Raia," and, collectively with Burke, Fitzpatrick, Murray, and Re, the "Individual Council Defendants"). For the reasons set forth below, Defendants' motion to dismiss will be granted in part and denied in part.

---

[1] On April 3, 2007, the Defendants, as defined in this Opinion, filed a motion to dismiss Counts Three, Four, Five, Six, Seven, Eight, Nine and Ten of the Complaint. (Docket Entry No. 10.) Two days later, the Defendants filed a motion to dismiss Counts One and Two of the Complaint. (Docket Entry No. 12.) This Court will address the merits of both motions in this Opinion.

## I. **BACKGROUND**

Plaintiff 66 East Allendale, L.L.C. ("66 East Allendale") is a limited liability company that is in the business of purchasing and developing real estate. (Compl. ¶ 4.) Plaintiffs Frank Walsh ("Walsh") and George F. Mulford, III ("Mulford," and, collectively with Walsh and 66 East Allendale, the "Plaintiffs") are members of 66 East Allendale. (Compl. ¶¶ 5-6.) 66 East Allendale owns 2.13 acres of land in the Borough of Saddle River, New Jersey, which is identified on the Borough's Tax Maps as Block 1607, Lot 1 (the "Property"). (Compl. ¶ 14.)

The Complaint essentially alleges that the Defendants maliciously conspired to adopt local legislation that constitutes an unlawful taking of the Property. Plaintiffs assert that the Defendants were motivated by an interest in pursuing a "personal vendetta" against Walsh, due to Walsh's initiation of a lawsuit in 2002 against Fitzpatrick. (Compl. ¶¶ 16-17.)

Plaintiffs allege that the Individual Council Defendants conspired to ensure that Plaintiffs never realized a profit from the Property by taking steps to add the Property to the list of sites designated by the Borough as part of the Potential Parks and Open Space Provision of the Borough's Master Plan. (Compl. ¶ 29.) On July 28, 2005, the Borough adopted Resolution 100-05, proposed by Murray, which commenced condemnation proceedings against the property known as Waterford Gardens.[2] (Compl. ¶ 36.) On August 23, 2005, the Council passed Resolution 120-05, which authorized the commencement of condemnation proceedings against the Property. (Compl. ¶ 33.) On August 21, 2006, the Council adopted Ordinance 06-797-M, which authorized acquisition of the Property. (Compl. ¶ 40.) The Borough then commenced an

---

[2] Plaintiffs allege that they were seeking to purchase Waterford Gardens, which is adjacent to the Property. (Compl. ¶ 36.)

eminent domain action in the New Jersey Superior Court, Bergen County (the "Condemnation Action"),[3] and served Plaintiffs with the complaint on November 28, 2006. (Compl. ¶ 42.)

On December 8, 2006, as part of the state court action, the Borough served Plaintiffs with an Order To Show Cause as to why final judgment should not be entered affirming that the Borough has duly exercised its power of eminent domain. (Id.) The Order To Show Cause listed February 2, 2007 as the return date. (Id.) To date, the parties have not filed any additional documents informing this Court of any updates in the status of the Condemnation Action.

On January 26, 2007, Plaintiffs filed a ten-count Complaint, alleging the following causes of action: (1) that the Ordinance and Resolutions are arbitrary, capricious, unreasonable, illegal and ultra vires; (2) violation of the New Jersey Eminent Domain Act, codified at N.J. STAT. ANN. §§ 20:3-1 et seq.; (3) violation of substantive due process rights; (4) violation of procedural due process rights; (5) violation of 42 U.S.C. § 1983; (6) violation of the federal and state Racketeer Influenced and Corrupt Organizations Act (individually, the "state RICO statute" and the "federal RICO statute"), codified at 18 U.S.C. §§ 1961 et. seq. and N.J. STAT. ANN. §§ 2C:41-1 et. seq., respectively; (7) conspiracy to violate the federal and state RICO statutes; (8) tortious interference with prospective economic gain; (9) tortious interference with contractual relationships; and (10) civil conspiracy.

Plaintiffs seek the following forms of relief from this Court: (1) an order voiding the effect of the Ordinance and the Resolutions; (2) a preliminary and permanent injunction barring Defendants from pursuing the Condemnation Action; (3) compensatory, incidental, and punitive

---

[3] The state court action is captioned Borough of Saddle River v. 66 East Allendale L.L.C., No. BER-L-8326-06 (filed Nov. 8, 2006).

damages; and (4) costs and attorneys' fees.

In response, Defendants filed two motions to dismiss the Complaint raising a myriad of defenses to the aforementioned claims. Among the defenses raised are arguments asserting abstention. This Court must resolve Defendants' abstention argument before proceeding any further in its analysis.

## II. DISCUSSION

### A.  Standard Of Review For Rule 12(b)(6) Motion To Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (abrogating Conley, 355 U.S. 41). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

**B.    Abstention**

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding."  Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger, 401 U.S. 37 (1971)).  "However,

5

the Supreme Court has recognized that abstention is an 'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982) (citing County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

There exist four categories of abstention doctrines, which are typically referred to by the seminal cases in which they were first recognized: (1) the Younger abstention doctrine; (2) the Pullman abstention doctrine; (3) the Burford abstention doctrine; and (4) the Colorado River abstention doctrine. Grode v. Mut. Fire, Marine & Inland Ins. Co., 8 F.3d 953, 956 (3d Cir. 1993). "Where these forms of abstention apply, only Younger invariably results in dismissal of the federal action, while Pullman, Burford and Colorado River can merely result in a stay of the federal action pending the outcome of the state proceedings." Kessler Inst. for Rehab. v. Mayor and Council of the Borough of Essex Fells, 876 F. Supp. 641, 657-58 (D.N.J. 1995).

In a footnote in the brief supporting their motion to dismiss the First and Second Counts of the Complaint, Defendants state in one sentence that abstention may be appropriate in this case, and thereafter cite to Texas v. Pullman Co., 312 U.S. 496 (1991); Burford v. Sun Oil Co., 319 U.S. 315 (1943); La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959);[4] and Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Although Defendants do not cite to Younger v. Harris, 401 U.S. 37 (1971), out of an

---

[4] The Third Circuit has stated, however, that "Thibodaux is really a variant of the Burford abstention doctrine, and has not evolved as a separate doctrine of its own." See Grode, 8 F.3d at 957.

6

abundance of caution, this Court will consider the appropriateness of abstention under the complete spectrum of abstention doctrines.

        1.        The *Younger* Abstention Doctrine

"Younger v. Harris and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Younger doctrine applies when (1) there is a parallel state court proceeding that is pending or ongoing; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords an adequate opportunity for plaintiff to raise constitutional issues. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). "All three prongs must be satisfied in order for a federal court to properly abstain from exercising its jurisdiction over a particular complaint." Addiction Specialists, 411 F.3d at 408.

Under the first prong of the Younger test, the Condemnation Action constitutes a parallel proceeding pending in state court. When determining whether abstention is warranted under Younger, courts examine whether there exists a parallel proceeding pending in state court at the time the complaint was filed. See Steffel v. Thompson, 415 U.S. 452, 462 (1974). Moreover, "[i]n the context of state eminent domain proceedings, the Supreme Court has held that Younger abstention is required where state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." Kessler, 876 F. Supp. at 658 (quoting Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 238 (1984)).

In this case, the Borough initiated the Condemnation Action against 66 East Allendale approximately two months before Plaintiffs filed the Complaint in this federal action. In

7

addition, no substantial litigation of the federal case has taken place yet.  Discovery has not commenced, and Defendants filed the instant motions to dismiss shortly after the Complaint was served.

To the extent Plaintiffs contend that the proceedings are not parallel because Walsh and Mulford are not party to the Condemnation Action, this contention is bereft of substance. "[W]here the plaintiff in a federal action is not a party to the state proceeding, Younger concerns about federal adjudication do not arise."  Sullivan v. City of Pittsburgh, 811 F.2d 171, 177 (3d Cir. 1987) (citing Doran v. Salem Inn, Inc., 422 U.S. 922 (1975)).  However, parties that are "too closely related should be treated as one party for Younger purposes."  Id.  Parties are deemed to be closely related in two types of cases: "(1) an employer's federal suit when its employees assert identical interests in state court; and (2) cases in which federal plaintiffs are closely related to state defendants in terms of ownership, control and management."  Id. at 178.

Although the Condemnation Action only names 66 East Allendale as a party-defendant, the relationship between the Plaintiffs urges this Court to treat them as one party for Younger purposes.  Walsh and Mulford are members of 66 East Allendale, and as such are presumed to have some control over managerial decisions.  Moreover, "where the plaintiffs' interests are so inextricably intertwined that direct interference with the state court proceeding is inevitable, Younger may extend to bar the claims of plaintiffs who are not party to the pending state court proceeding."  Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 82 (2d Cir. 2003) (holding that plaintiffs' federal claims are essentially derivative such that court should abstain from exercising jurisdiction over plaintiffs' claims, even though not all plaintiffs are involved in the state court action); see also Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 881-82

(8th Cir. 2002) ("It is not a prerequisite to Younger abstention that the federal plaintiffs also be defendants in the action pending in state court."). Walsh and Mulford are members of, and seek to vindicate property rights held by, 66 East Allendale. This Court shall treat Walsh, Mulford, and 66 East Allendale as one plaintiff for purposes of the Younger abstention doctrine. As a result, this Court concludes that there exists a parallel state court proceeding involving the Plaintiffs.

This case also satisfies the second prong of the Younger test. Issues surrounding a municipality's eminent domain powers are "intimately involved with sovereign prerogative. And when, as is the case here, a city's power to condemn is challenged, a further aspect of sovereignty is introduced." Thibodaux, 360 U.S. at 28-29.

Finally, the third element of the Younger test is fulfilled because Plaintiffs can defend the Condemnation Action by raising their federal claims in state court. Under N.J. STAT. ANN. § 20:3-11, Plaintiffs may object to a condemning body's authority to condemn the Property. Indeed, Plaintiffs admit that, "[b]esides opposing in state court the complaint in condemnation filed by the Borough Defendant, the Plaintiffs filed the [C]omplaint in federal court . . . ." (Pl. Br. 25.) "It would be inappropriate for this Court to assume that the New Jersey courts would refuse to consider plaintiffs['] federal constitutional and statutory claims once they were properly raised in those proceedings." Kessler, 876 F. Supp. at 659 (holding that abstention under Younger was appropriate due to pending condemnation proceeding in state court).

The Younger abstention doctrine does not sanction dismissal of Plaintiffs' claims for monetary damages. N.J. STAT. ANN. § 20:3-11 does not provide an opportunity for Plaintiffs to file a counterclaim for damages. See Kessler, 876 F. Supp. at 660 (imposing a stay on plaintiffs'

damage claims because the condemnation action does not provide an opportunity to receive monetary relief).  Nevertheless, due to the close connection between Plaintiffs' damages claims and the issues to be raised in the Condemnation Action, this Court shall impose a stay on Plaintiffs' claims for monetary relief, to be lifted when the Condemnation Action has concluded.

    2.    Analysis of the *Pullman*, the *Burford*, and the *Colorado River* Abstention Doctrines

There may be merit to Defendants' argument for application of the abstention doctrines enunciated in Pullman, Burford, and Colorado River.  See, e.g., Thibodaux, 360 U.S. at 28-30 (holding that federal court may impose stay on action pending interpretation of parameters of state eminent domain statute by state court).  This Court declines to decide whether abstention is warranted under these doctrines, however, because the Younger abstention doctrine is apposite.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' claims for injunctive and declaratory relief shall be dismissed, without prejudice, pursuant to the Younger abstention doctrine.  The remaining damages claims alleged in the Complaint will be stayed until the Condemnation Action pending in state court has concluded.


     S/Joseph A. Greenaway, Jr.
     JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: December 18, 2007